[926 NYS2d 646]

In the Matter of PETER R. PRICE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 5, 2011

### APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Kase & Druker*, Garden City (*James O. Druker* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Charges one through four are predicated upon a common set of facts related to the respondent's representation of SDLH Automotive Enterprises, Inc., also known as Meineke Discount Muffler (hereinafter SDLH), in connection with the sale of its business to Great South Bay Automotive, Inc.

In or about September and October 2005, SDLH was engaged in negotiations to sell its business to Great South Bay Automotive, Inc. (hereinafter Great South Bay). At or about that time, the respondent represented SDLH. Great South Bay, whose principals were Robert Gerstacker and Rob Despres, was represented by Richard Bartel.

Prior to the closing, a notification of sale, transfer, or assignment of bulk, dated September 20, 2005 (hereinafter the notification), was sent to the New York State Department of

Taxation and Finance (hereinafter DTF). The respondent was listed in the notification as escrow agent in connection with the sale of SDLH.

By notice to escrow agent dated September 27, 2005 (hereinafter the notice) the DTF notified the respondent that it had been informed that he was the escrow agent in the bulk sale of SDLH's business assets. The respondent received the notice, which advised, inter alia, that, pursuant to section 1141 (c) of the Tax Law:

> "[N]o distribution of funds or property, to the extent of the amount of the State's claim, may be made before the following conditions have been met:
>
> "1. [The DTF] has determined the seller's liability, if any.
>
> "2. Payment of such liability has been made to [the DTF] (Upon receipt of Notification of the State's Claim, the amount determined to be due from the purchaser may be paid from funds withheld pursuant to Section 1141 [c] of the Tax Law.)
>
> "3. This office has authorized you to . . . release the funds or property.
>
> "The state's claim takes priority over any provisions contained in the escrow agreement.
>
> "You are reminded of the importance of holding this escrow fund until the . . . conditions set forth . . . have been met. If the funds are distributed before the conditions are met, the purchaser runs the risk of having to pay sales tax liabilities of the seller out of his own funds."

An agreement for the sale of SDLH (hereinafter the agreement or contract of sale) was executed on October 21, 2005, the same date as the closing.

At the closing, the respondent signed an escrow agreement wherein he acknowledged, inter alia, that he received a check payable to himself, as attorney, in the amount of $82,393.02. From this money, the respondent further acknowledged that he would undertake to satisfy "the State, Suffolk Auto and Exhaust Warehouse." The reference to "the State" in the escrow agreement was to a tax liability owed by SDLH to New York State.

On October 25, 2005, the respondent deposited the $82,393.02 he received at the closing into his attorney trust account at JP

Morgan Chase Bank entitled "Peter R. Price Esquire IOLA Fund of the State of New York" (hereinafter IOLA account). He was thereafter obligated to hold the funds until they were properly disbursed. However, the respondent failed to satisfy the tax liability owed by SDLH to New York State.

In or about February 2006, New York State issued a notice of determination assessing $58,890.03 against Great South Bay for the unpaid taxes of SDLH. By order to show cause, summons, and verified complaint dated April 26, 2006, Great South Bay and its principals commenced an action in the Supreme Court, Suffolk County, against SDLH, its principals, and the respondent entitled *Great South Bay Automotive, Inc. v SDLH Automotive Inc.,* under index No. 12040/06. The complaint alleged, inter alia, breach of contract due to the failure of SDLH and the respondent to satisfy the tax liability owed to New York State. In addition, there were causes of action to recover damages for fraud and breach of fiduciary obligations on the part of the respondent, as escrow agent, based upon his failure to satisfy the tax liability pursuant to the escrow agreement.

The respondent represented SDLH, its principals, and himself in the action. On behalf of SDLH and himself, the respondent submitted a verified answer sworn to on May 23, 2006. He thereafter submitted an affidavit in opposition to the order to show cause, sworn to on May 24, 2006, on behalf of SDLH and himself. In his affidavit in opposition, the respondent asserted, inter alia, that "at no time did your deponent receive any money from sales tax. There was no known debt to the State." The respondent further asserted that, pursuant to the agreement for the sale of SDLH, he was required to hold only $1,000 in escrow to guarantee that SDLH received a release from New York State in connection with "unpaid sales tax" due. Great South Bay moved for summary judgment by notice of motion dated September 14, 2006.

By summons and third-party complaint dated September 25, 2006 and October 3, 2006, respectively, the respondent commenced a third-party action on his own behalf against Richard Bartel, attorney for Great South Bay, and its principals, entitled *Price v Bartel.* The respondent alleged, inter alia, that Bartel committed legal malpractice in his representation of Great South Bay in its purchase of SDLH.

The respondent thereafter submitted an affidavit on behalf of SDLH and himself, sworn to on October 4, 2006, opposing Great

South Bay's motion for summary judgment. In his affidavit, the respondent argued, inter alia, that pursuant to the contract of sale, he was required to retain only $1,000 to guarantee that SDLH received a release from the DTF for "unpaid sales tax."

In an order dated December 11, 2006, Justice Pines granted Great South Bay's motion for summary judgment. The Supreme Court concluded that the documentary evidence submitted by the parties reflected that, on September 20, 2005, prior to the closing, a "Notification of Sale, Transfer or Assignment of Bulk" was filed with the DTF. On September 27, 2005, again prior to the closing, the DTF notified the respondent of a possible claim for unpaid sales taxes owed by SDLH.

The Supreme Court also determined that the

> "uncontroverted submissions reflect that the parties entered into a contract wherein Defendant SDLH agreed to indemnify Great South Bay for outstanding liabilities not specifically assumed by the purchaser in the agreement. Moreover, Price, the attorney for SDLH, signed an escrow agreement wherein he promised to use the $82,393.02 being withheld for payment to 'the State, Suffolk Auto and Exhaust Warehouse.' "

According to the Supreme Court, the respondent's argument that the sales tax liability was limited to $1,000 "belies credulity."

The Supreme Court noted that, subsequent to the closing, Great South Bay was forced to incur legal expenses to defend against the action commenced by New York State for the unpaid tax liability, which, as of December 11, 2006, was in excess of $70,000.

The Supreme Court, inter alia, ordered SDLH and the respondent to pay New York State the "sums due and owing for [SDLH's] outstanding sales tax liabilities, including all penalties and interest due," and concluded that SDLH and the respondent "shall be responsible for all costs, fees, disbursements and legal fees incurred by [the] Plaintiffs as a result of their breach of contract."

The order also dismissed the third-party action, reciting that the third-party complaint "fails to state any cognizable cause of action and . . . Price lacks standing to assert certain claims." Specifically, the Supreme Court stated that "Price's claim for malpractice must fail because he lacks standing to assert such

claim against Bartel as he was not in an attorney-client relationship with him. Moreover, on the merits, Price has failed to set forth any of the elements of a prima facie case of legal malpractice" (citations omitted).

The respondent filed a notice of appeal dated January 8, 2007. By decision and order dated November 5, 2007, this Court dismissed the appeal for failure to perfect.

By order to show cause dated January 12, 2007, the respondent moved in the Supreme Court, Suffolk County, to vacate the order dated December 11, 2006. In an order dated June 20, 2007, the Honorable Justice John J.J. Jones, Jr., denied the motion based on the "failure to set forth facts demonstrating grounds for such relief."

The respondent filed a notice of appeal dated July 31, 2007, with respect to the order dated June 20, 2007. By decision and order dated June 18, 2008, this Court dismissed the appeal for failure to perfect.

Charge one alleges that the respondent violated his obligations as a fiduciary by failing to abide by the terms of an escrow agreement, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge two alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in that he violated his obligations as a fiduciary by failing to abide by the terms of an escrow agreement requiring him to disburse funds held in escrow, pursuant to said agreement, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge three alleges that the respondent knowingly advanced a claim or defense that is unwarranted under existing law, in violation of Code of Professional Responsibility DR 7-102 (a) (2) (22 NYCRR 1200.33 [a] [2]).

Charge four alleges that the respondent engaged in conduct prejudicial to the administration of justice in that he knowingly advanced a claim or defense that was unwarranted under existing law, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Charges five and six are predicated upon the same facts as charges one through four, in addition to the following:

The respondent disbursed the $82,393.02 from the SDLH sale from his attorney trust account, as follows:

| | | | |
|---|---|---|---|
| Check 4019 | 11/3/05 | $ 32,000 | Raptor Steel |
| Check 4020 | 11/11/05 | $ 10,000 | SSDS |
| Check 4021 | 11/11/05 | $ 1,923.21 | Suffolk Imports |
| Check 4048 | 12/20/05 | $ 3,573.31 | NYS Sales Tax |
| Check 4071 | 3/3/06 | $ 399.55 | Exhaust Warehouse |

As of July 28, 2008, the balance of the escrow, $34,496.65, remained on deposit in the respondent's attorney trust account.

The respondent's attorney trust account check Nos. 4019 and 4020 were issued in repayment of a loan from A.J. Bridges to SDLH. That debt was not reflected in the escrow agreement dated October 21, 2005. Moreover, pursuant to the escrow agreement, the respondent was not authorized to disburse funds to Raptor Steel and SSDS from the funds received. The respondent's attorney trust account check No. 4048 was issued as payment for sales tax owed by SDLH to New York State for the period September 1, 2005 through November 30, 2005.

Charge five alleges that the respondent misappropriated funds entrusted to him pursuant to an escrow agreement for purposes other than that for which they were intended, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge six alleges that the respondent accepted employment that contemplated acting as an advocate on issues of fact before a tribunal when he knew, or it was obvious, that he would be called as a witness on a significant issue on behalf of the client, in violation of Code of Professional Responsibility DR 5-102 (a) (22 NYCRR 1200.21 [a]).

Charges seven and nine through twelve emanate from the respondent's conduct in connection with his representation of clients Frederick Rosenthal and Carolyn Rosenthal (hereinafter together the Rosenthals).

In or about 2007, the Rosenthals were represented by the respondent in connection with their purchase of real property located in Eastport, New York, as well as the sale of their home located in Westhampton Beach, New York.

By lease dated June 4, 2007 (hereinafter the lease), the Rosenthals leased property located at 15 Montauk Highway in Westhampton from the respondent's mother, Mirra Price. The respondent prepared the lease while representing the Rosenthals

in the sale of their Westhampton Beach property and their purchase of the Eastport property. The respondent failed to advise the Rosenthals to seek the advice of independent counsel prior to entering into the lease. Additionally, the Rosenthals did not consent, in writing, after full disclosure, to the terms of the lease or to the respondent's inherent conflict of interest in the transaction. The closing of sale on the Westhampton Beach property occurred on August 8, 2007.

Charge seven alleges that the respondent entered into a business transaction with his clients, in violation of Code of Professional Responsibility DR 5-104 (a) (22 NYCRR 1200.23 [a]).

Charge nine is predicated upon the same facts as charge seven, in addition to the following:

At the time the lease was signed, the leased property was owned by both the respondent and Mirra Price. The respondent failed to advise the Rosenthals that he had an ownership interest in that property and the lease did not identify the respondent as having an ownership interest.

Approximately four months after the parties signed the lease, a dispute arose between the Rosenthals and Mirra Price. By letter dated February 7, 2008, the respondent withdrew as counsel for the Rosenthals in connection with the purchase of the Eastport property. By notice of petition and petition dated February 13, 2008, the respondent, as attorney for his mother, commenced an action against the Rosenthals in the Justice Court, Town of Southampton, entitled *Price v Rosenthal*, docket No. 08-20937, seeking possession of the subject premises, judgment for rent arrears, and an award of an attorney's fee. The respondent prepared the pleadings, but failed to disclose to the Justice Court that he had an ownership interest in the subject property. At the trial, held on July 11, 2008, before the Honorable Edward D. Burke, the respondent requested that he be permitted to testify as to when the lease was delivered to the Rosenthals. The respondent's request was denied, based upon the Rosenthals' refusal to waive the attorney-client privilege. The action was dismissed by judgment dated September 16, 2008.

Charge nine alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by failing to disclose, in pleadings he prepared and submitted to a court, his ownership interest in property that was the subject of court proceedings he brought on behalf of a current client against his former clients, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Charge ten is predicated upon the same facts as charges seven and nine, in addition to the following:

The respondent did not obtain the consent of the Rosenthals, after full disclosure, to represent his mother in the aforementioned landlord/tenant proceeding against them.

By summons and verified complaint dated November 13, 2008, the respondent commenced another action against the Rosenthals entitled *Price v Rosenthal*, in the Supreme Court, Suffolk County, under index No. 08-41313. The respondent did not obtain the consent of the Rosenthals, after full disclosure, to represent his mother and himself against them in the foregoing matter.

Charge ten alleges that the respondent represented a client in the same or substantially the same matter in which that person's interests were materially adverse to the interests of the respondent's former clients, in violation of Code of Professional Responsibility DR 5-108 (a) (22 NYCRR 1200.27 [a]).

Charge eleven is predicated upon the same facts as charge seven, in addition to the following:

The respondent and the Rosenthals did not enter into a written retainer agreement or letter of engagement with respect to the respondent's representation of the Rosenthals in connection with the sale of their Westhampton Beach property. The respondent received $9,000 in legal fees for his representation of the Rosenthals in the sale of their Westhampton Beach property and their contemplated purchase of the Eastport property.

Charge eleven alleges that the respondent failed to enter into a written retainer agreement, or provide a letter of engagement, and collected fees of more than $3,000, in violation of 22 NYCRR 1215.1.

Charge twelve is predicated upon the same facts as charges seven, nine, ten and eleven, in addition to the following:

On July 11, 2008, *Price v Rosenthal*, docket No. 08-20937, was tried in the Justice Court, Town of Southampton, before the Honorable Edward D. Burke. At the trial, the respondent requested that he be permitted to testify as to when the lease was delivered to the Rosenthals. The respondent's request was denied by the Justice Court, based on the Rosenthals' refusal to waive the attorney-client privilege. Although the action was dismissed by judgment of the Justice Court, Town of Southampton, dated September 16, 2008, the respondent commenced an action in the Supreme Court, Suffolk County, entitled *Price v*

*Rosenthal,* seeking, inter alia, legal fees for commencing the Justice Court action against the Rosenthals based on the lease dated June 4, 2007. The respondent sought "legal fees of not less than twenty thousand ($20,000.00) dollars, with additional billing hours from service of the Summons and Complaint." As of October 29, 2009, the matter was pending.

Charge twelve alleges that the respondent engaged in conduct that adversely reflects on his fitness as an attorney, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Based on the application of collateral estoppel, the respondent's admissions, and the evidence adduced, the Special Referee properly sustained charges one through seven and nine through twelve. Accordingly, the motion of the Grievance Committee for the Tenth Judicial District (hereinafter Grievance Committee) to confirm the Special Referee's report is granted without opposition.

In determining an appropriate measure of discipline to impose, the Special Referee noted that there was "little . . . which might have made the matters seem less serious or reduced their severity in some significant way." The respondent's prior disciplinary history consists of an admonition issued on February 16, 1996, for engaging in conduct prejudicial to the administration of justice, which reflected adversely on his fitness as a lawyer; a letter of caution issued on November 20, 1998, to avoid engaging in, or giving the appearance of engaging in, conduct which is not in the best interest of someone who reasonably believes that the respondent represented his or her interests and which favors or appears to favor an adverse party; a second letter of caution issued on November 20, 1998, for failing to cooperate with the Grievance Committee in a timely fashion during the course of an investigation into a complaint of professional misconduct [the underlying complaint was dismissed]; and an admonition issued on February 21, 2001, for engaging in conduct prejudicial to the administration of justice.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of five years.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Peter R. Price, is suspended from the practice of law for a period of five years, commencing

August 4, 2011, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than February 4, 2016. In such application, the respondent shall furnish satisfactory proof that during that period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent, Peter R. Price, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Peter R. Price, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).